UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| ANDREA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELEGANT BEAUTY SUPPLIES, INC. and | ) |
| ELEGANT BEAUTY SUPPLIES # 49, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff ANDREA WHITE ("Plaintiff") sues defendants ELEGANT BEAUTY SUPPLIES, INC. and ELEGANT BEAUTY SUPPLIES # 49, INC. ("Defendants") and alleges:

### I.     JURISDICTION

1.     Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff also brings this action pursuant to the Florida Civil Rights Act, § 760.10, Fla. Stat. et seq. ("FCRA").

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800            Telephone: 305.503.5131
Aventura, Florida 33180                    Facsimile: 888.270.5549

facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## II.     VENUE

4.     The Defendants are corporations duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida.

5.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

6.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Broward County, Florida.

## III.     JOINT EMPLOYMENT

7.     Defendants share the same registered agent, PIEDRA REGISTERED AGENTS, LLC.

8.     Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

9.     Defendants are related companies that are part of a franchise that sells beauty supplies throughout Florida, operating out of multiple locations in Florida.

10.     Defendants share the websites http://www.elegantbeautysupplies.com/ and https://elegantbeautyonline.com/ to jointly conduct business through the sale of beauty supplies.

11.     Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

12.     Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

13.     Defendant ELEGANT BEAUTY SUPPLIES # 49, INC. has timely received notice of Plaintiff's charge of discrimination.

### IV.     GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14.     At all times material, the Plaintiff was employed by the Defendants as cashier from on or about September 27, 2021, until her wrongful termination on or about December 30, 2021.

15.     On or about December 22, 2021, Plaintiff began feeling COVID-19 related symptoms such as severe fever, chills, and diarrhea.

16.     Plaintiff immediately communicated her symptoms to her manager and requested leave to go see a doctor. Plaintiff's manager granted Plaintiff's request.

17.     On or about December 23, 2021, Plaintiff tested positive with COVID-19.

18.     In addition to the severe fever, chills and diarrhea, Plaintiff began experiencing severe symptoms that did not allow her to walk.

19.     Plaintiff immediately communicated her diagnosis to Defendants and went in quarantine requesting that Defendants agree to give her time off to get well. Defendants ignored Plaintiff's requests and Plaintiff objected to being ignored.

20.     Plaintiff requested from Defendants to be excused from work as an accommodation to her severe medical condition while she was quarantined.

21.     Plaintiff continued to experience severe symptoms, including severe symptoms that did not allow her to walk or work while she had COVID-19.

22.     On or about December 30, 2021, while Plaintiff was still experiencing COVID-19 symptoms and while she was still testing positive with COVID-19, Defendants removed Plaintiff from her schedule.

23.     Prior to removing Plaintiff from the work schedule, Defendants never granted either of Plaintiff's requests for leave due to the severe symptoms she was experiencing from COVID-19.

24.     Prior to Plaintiff's termination, Defendants failed to discuss any type of accommodation while Plaintiff was out with COVID-19.

25.     After removing Plaintiff from the work schedule, Defendants never scheduled Plaintiff for work.

26.     Defendants constructively discharged Plaintiff when they removed her from the work schedule on December 20, 2021.

27.     Defendants terminated Plaintiff's employment on December 20, 2021.

28.     Since her termination, Plaintiff has called the Defendants' corporate office multiple times, but she has been completely ignored.

29.     The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendants.

30.     Defendants have either constructively discharged Plaintiff or have outright terminated her employment.

31.     All conditions precedent to bringing this action have occurred, been performed or been excused.

32.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – ADA

33.     The Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34.     At all times pertinent hereto, the Defendants have been engaged in an industry affecting commerce and have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

35.     At all times material, each Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

36.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

     c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue on October 6, 2022.

37.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

38.    The Plaintiff was an "employee" of the Defendants.

39.    Each Defendant or both Defendants jointly employ more than 15 employees and were the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

40.    The Plaintiff had COVID-19 and her symptoms were so severe as to make Plaintiff disabled or perceived to be disabled, without the ability to even walk.

41.    The Plaintiff was unaware how long she would be incapacitated because of her COVID-19 symptoms.

42.    The Plaintiff's condition qualified as a disability or was perceived as disability by the Defendants, within the meaning of the ADA.

43.    The Defendants were aware of the Plaintiff's medical condition, including the specific cause for her condition.

44.    At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

45.    The Plaintiff intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

46.    The Defendant constructively discharged Plaintiff or outright terminated her employment because of her disability or being perceived as disabled, in violation of the ADA.

47.     Plaintiff was disabled in that, while sick with COVID-19, Plaintiff could not care for herself, could not eat or sleep well, could not walk, stand or breath properly, could not concentrate, and could not work. In addition, while sick with COVID-19, Plaintiff's immune system was devastated, and her digestive, bowel, and respiratory systems were decimated.

48.     To date, Plaintiff is still experiencing post-COVID-19 symptoms that affect some of her above major life activities.

49.     As a direct and proximate result of the above-described actions of the Defendants, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

50.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

51.     Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendants for their violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award any other compensation allowed by law including punitive damages;

e.  Award the Plaintiff prejudgment interest on her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: DISABILITY DISCRIMINATION (RETALIATION) – ADA

52.     The Plaintiff repeats and re-alleges paragraphs 1 - 32 as if fully stated herein.

53.     At all times pertinent hereto, each Defendant or both Defendants jointly has/have been engaged in an industry affecting commerce and has/have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

54.     At all times material hereto, each Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

55.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue on October 6, 2022.

56.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

57.     The Plaintiff was an "employee" of the Defendants as defined by the ADA.

58.     Each Defendant or both Defendants jointly, employ more than 15 employees and were the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

59.     Plaintiff objected to disability discrimination and to not being heard about a request for an accommodation due to her disability or perceived disability.

60.     The Defendants subsequently constructively discharged Plaintiff or outright terminated her employment.

61.     The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for her protected activity under the ADA.

62.     The Defendants violated the ADA or acted with reckless disregard for whether their actions were prohibited. The aforementioned actions of the Defendant were done wantonly, willfully, and maliciously.

63.     As a direct and proximate result of the intentional violations by the Defendants, the Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

64.     Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendants for their violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award any other compensation allowed by law including punitive damages;

e.  Award the Plaintiff liquidated damages based on the Defendants' willful and/or reckless conduct;

f.  Award the Plaintiff prejudgment interest on her damages award;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800             Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5679

h.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: DISABILITY DISCRIMINATION
## (FAILURE TO ACCOMMODATE) – ADA

65.   The Plaintiff repeats and re-alleges paragraphs 1 - 32 as if fully stated herein.

66.   At all times pertinent hereto, each of the Defendants or both Defendants, jointly, have been engaged in an industry affecting commerce and have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

67.   At all times material, each Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

68.   The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.   The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.   More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

c.   The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue on October 6, 2022.

69.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

70.   The Plaintiff was an "employee" of the Defendants as defined by the ADA.

71.   Each Defendant or both Defendants, jointly, employ more than 15 employees and were the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

72.   The Plaintiff suffered severe COVID-19 related symptoms.

73.     The Plaintiff was unaware how long she would be incapacitated because of her serious medical condition.

74.     The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

75.     Plaintiff was disabled in that, while sick with COVID-19, Plaintiff could not care for herself, could not eat or sleep well, could not walk, stand or breath properly, could not concentrate, and could not work. In addition, while sick with COVID-19, Plaintiff's immune system was devastated, and her digestive, bowel, and respiratory systems were decimated.

76.     To date, Plaintiff is still experiencing post-COVID-19 symptoms that affect some of her above major life activities.

77.     The Plaintiff requested a reasonable accommodation for her disability. Specifically, she requested to be allowed to have time off while she quarantined.

78.     The Defendants did not make a good faith effort to assist the Plaintiff in seeking accommodations.

79.     The Plaintiff could have been reasonably accommodated but for the Defendants' lack of good faith.

80.     The Defendants could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

81.     Instead of reasonably accommodating the Plaintiff in good faith, the Defendants constructively discharged Plaintiff or outright terminated her employment.

82.     As a direct and proximate result of the above-described actions of the Defendants, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

83.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

84.     Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendants for their violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award any other compensation allowed by law including punitive damages;

e.  Award the Plaintiff prejudgment interest on his/her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: DISCRIMINATION (DISPARATE TREATMENT) – FCRA

85.     The Plaintiff re-states and re-alleges paragraphs 1 through 32 as if set forth in full herein.

86.     At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

87.     At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

88.     At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

89.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue on October 6, 2022.

90.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

91.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

92.     The Plaintiff is a member of protected class of citizens with a handicap or perceived as handicap.

93.     Similarly situated employees who are not handicap or perceived as handicap were not subjected to discrimination and disparate treatment as Plaintiff did by Defendant.

94.     The Plaintiff was and is qualified for her position while working for the Defendant.

95.     The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her handicap or perceived as handicap in the terms, conditions, and privileges of her employment.

96.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

97.     Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her handicap or perceived handicap.

98.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

99.     The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of handicap or perceived as handicap.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

d.  Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages;

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h.  Grant such other and further relief as the Court deems just and proper.

### <u>COUNT V: DISCRIMINATION (RETALIATION) – FCRA</u>

100.    The Plaintiff re-states and re-alleges paragraphs 1 through 32 as if set forth in full herein.

101.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

102.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

103.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

104.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.  The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice on October 6, 2022.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

105.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

106.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.   § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

107.     The Plaintiff is a member of protected class of citizens who are handicap or perceived as handicap.

108.     During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to discrimination for her handicap or perceived handicap.

109.     Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

110.     The Plaintiff was and is qualified for her position while working for the Defendant.

111.     The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination of her being handicap or being perceived as handicap.

112.     As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

113. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

114. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of handicap or being perceived as handicap;

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages;

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h. Grant such other and further relief, as the Court deems just and proper.

## COUNT VI: DISCRIMINATION (FAILURE TO PROVIDE REASONABLE ACCOMMODATION) – FCRA

115. The Plaintiff re-states and re-alleges paragraphs 1 through 32 as if set forth in full herein.

116. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                           Facsimile: 888.270.5549

117.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

118.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

119.    The Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.      The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

b.      More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

c.      The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice on October 6, 2022.

120.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

121.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

122.    The Plaintiff is a member of protected class of citizens who are handicap or perceived as handicap.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

123.    Plaintiff's contraction of COVID-19 qualifies as a handicap, or is perceived as a handicap.

124.    At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

125.    At all times material, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

126.    Plaintiff engaged in a protected activity when she requested accommodations from Defendant.

127.    The accommodations requested by Plaintiff were reasonable.

128.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment because of Plaintiff's disability, or perceived disability by, inter alia, failing to either (1) wait for Plaintiff to recover; or (2) accommodate Plaintiff by putting her in a position that would accommodate her needs; neither of which would have caused Defendant undue hardship.

129.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

130.    Plaintiff's handicap, or perceived handicap, was a motivating factor in refusing to accommodate Plaintiff.

131.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

132.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

133.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.   Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

c.   Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

d.   Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

e.   Award Plaintiff punitive damages, according to proof;

f.   Award Plaintiff reasonable costs and attorney's fees; and

g.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: October 18, 2022.

Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha Blye, Esquire
Fla. Bar No.:  738158
Email: tblye@saenzanderson.com

Juliana Cortes, Esquire
Fla. Bar No.: 123038
Email: juliana@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*